IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR FLAGLER COUNTY, FLORIDA

CASE NO: 2023 CA 000196

MARY JO ROSE

    Plaintiff,

vs.

TARGET CORPORATION and JANE DOE,

    Defendants.

_____/

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, MARY JO ROSE (hereinafter "Plaintiff"), and sues Defendant, TARGET CORPORATION (hereinafter "Defendant Owner") and JANE DOE, and alleges:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Flagler County, Florida.

13414579

3. At all times material to this action, Defendant Owner is a business formed under the laws of the State of Florida and licensed to do business in the State of Florida.

4. At all times material hereto, Defendant Owner was the owner and/or responsible party, and in possession of that certain business located at 5100 State Rte 100, Palm Coast, FL 32164, (hereinafter "Subject Premises") said business being open to the general public, including the Plaintiff herein.

5. Upon information and belief, Defendant, Jane Doe, is a natural person residing in Flagler County, Florida.

6. Upon information and belief, at all times material to this action Defendant, Jane Doe, was employed by Defendant, TARGET CORPORATION, as manager over the subject premises.

7. At all times material hereto, Defendant Owner and Jane Doe expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

8. Venue is proper in this Court as Defendant Owner conducts its business operations within Flagler County, Florida and the incident giving rise to this action occurred in Flagler County, Florida.

9. On or about 10/26/2022, Plaintiff visited the Subject Premises located at the above address as a business invitee.

10. At said time and place, Plaintiff was a business invitee, lawfully upon the premises of Defendant Owner, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

11. At that time and place, Plaintiff suddenly and without warning Slipped and fell as a result of Defendant's breach of the duty owed to Plaintiff.

13414579

12. As a result of the fall, Plaintiff sustained bodily injury.

## COUNT I-CLAIM OF NEGLIGENCE AGAINST DEFENDANT, TARGET CORPORATION

13. Plaintiff realleges the allegations in paragraphs 1 through 12 and further asserts:

14. At all material times, Defendant Owner, through its agents and/or employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to maintain the Subject Premises, including the walkways, parking lots and adjacent areas thereto, in a condition reasonably safe for use by its invitees, and the public.

15. At said time and place, Defendant Owner breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

13414579

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after Plaintiff's fall and/or negligently rendering aid to the Plaintiff after the fall;

13414579

  l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

  m) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

  n) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

16. As a result, while Plaintiff was visiting Defendant Owner's business, Plaintiff Slipped and fell, sustaining injuries as set forth as a result of Defendant Owner's breach if the duty owed to Plaintiff.

17. As a direct and proximate result of the negligence of Defendant Owner, Plaintiff suffered bodily injury in and about Plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, MARY JO ROSE, sues the Defendant, TARGET CORPORATION, for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE AGAINST DEFENDANT, JANE DOE

18. Plaintiff reaffirms the allegations in paragraphs 1-12 above and would further assert.

19. Upon information and belief, at all times material to this action Defendant, Jane Doe, was employed by Defendant, TARGET CORPORATION as a store manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores*, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2006): *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

20. At all times material to this action, Defendant, Jane Doe was directly responsible for executing Defendant, TARGET CORPORATION's previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 So. At 358: *Orlovsky*, 405 So. 2d at 1364.

21. At all material times and by virtue of Defendant's management position with TARGET CORPORATION, Defendant, Jane Doe owed Plaintiff a duty to exercise reasonable and ordinary care to maintain Defendant Owner's premises in a condition reasonably safe for use by its invitees, and the public and to warn Plaintiff of any latent dangers in the store, or in its premises, and for supervising the employees working at said premises to ensure that they reasonably and safely maintained the premises and were in compliance with Defendant Owner's, policies and procedures.

22. At said time and place, Defendant, Jane Doe breached these duties to Plaintiff by negligently failing to use reasonable care for the safety of the Plaintiff:

   a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

13414579

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after Plaintiff's fall and/or negligently rendering aid to the Plaintiff after the fall;

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

m) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

n) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

o) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant

13414579

           knew or should have known spills were likely to occur on the flooring; and

p)   Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

23.   As a direct and proximate result of Defendant Jane Doe's negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, MARY JO ROSE, sues the Defendant, JANE DOE, for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted on this day of May 15, 2023.

                                                */s/ Joshua Frisbie*
                                                Joshua Frisbie, Esq.
                                                Florida Bar No.: 121240
                                                Morgan & Morgan, P.A.
                                                20 N Orange Ave., Suite 1600
                                                Orlando, Florida 32801
                                                Telephone: (407) 849-4624
                                                Primary email: jfrisbie@forthepeople.com
                                                Attorneys for Plaintiff

13414579

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will be furnished by Process Server to the Defendant all with the Summons.

                                                             */s/ Joshua Frisbie*
                                                              Joshua Frisbie, Esq.
                                                              Florida Bar No.: 121240
                                                             Morgan & Morgan, P.A.
                                                             20 N Orange Ave., Suite 1600
                                                             Orlando, Florida 32801
                                                             Telephone: (407) 849-4624
                                                             Primary email: jfrisbie@forthepeople.com
                                                             Attorneys for Plaintiff

13414579